# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Wilton Reassurance Life Company of New York, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dawn Monroe-Smith, April Monroe-Harris, )<br>Dawn Leake, and Marliese Montore Cowan, )<br>)<br>Defendants. ) | Civil Action No.: 3:21-cv-02379-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to Defendant Marlise Montore Cowan's ("Cowan") document titled "Default Motion Judgement." (ECF No. 27.) For the reasons set forth below, the court **DENIES** Defendant Cowan's motion. *Id.*

## I.   FACTUAL AND PROCEDURAL HISTORY

On June 15, 2001, Plaintiff Wilton Reassurance Life Company's predecessor in interest, The Keystone State Life Insurance Company, issued life insurance policy number 4024515 (the "Policy") to Helen J. Monroe ("Monroe"), providing a death benefit of $25,000.00 as of the date of death of Monroe. (ECF No. 1-1 at 3.) The Policy originally named Alicia Long and Emma Monroe to share equally as beneficiaries. (*Id.* at 26.) On May 17, 2021, Plaintiff accepted Monroe's change of beneficiary request which named Monroe's "goddaughter/caregiver," Defendant Cowan, as the primary beneficiary to receive the full benefit. (*Id.* at 29.) On May 31, 2021, Monroe died; the beneficiary at the time of Monroe's death remained Defendant Cowan. (ECF Nos. 1 at 2, 1-1 at 29.)

On or about June 14, 2021, Monroe's daughter, Defendant Dawn Monroe-Smith ("Smith"), sent a letter to Plaintiff claiming her mother had a diminished mental capacity before she died and

1

the change of the beneficiary to Defendant Cowan was fraudulent. (ECF No. 1-2.) Furthermore, Defendant Smith claimed Defendant Monroe had submitted a beneficiary and owner change request to Plaintiff dated March 13, 2021, which named Defendants April Monroe-Harris and Dawn Leak as the primary beneficiaries. (*Id.* at 3.) Nevertheless, on or about June 16, 2021, Defendant Cowan submitted a claim form to Plaintiff seeking the Policy Proceeds. (ECF No. 1-4.)

On July 20, 2021, Plaintiff filed an Interpleader Complaint, admitting liability for the proceeds due and payable under the Policy; however, because of multiple competing claims to the Policy proceeds, Plaintiff's Complaint sought to tender a check for the Policy proceeds to the Clerk of Court to deposit the funds into the court's registry until the proper beneficiary or beneficiaries of the proceeds was *determined by the court*. (ECF No. 1 at 4-6.) Subsequently, on November 2, 2021, Plaintiff filed a Motion to Deposit Interpleader Funds (ECF No. 19), and, on November 10, 2021, this court granted Plaintiff's Motion (ECF No. 22). On December 6, 2021, Defendant Cowan filed the present "Default Judgement Motion," requesting a default judgment be passed against Defendants Smith, Monroe-Harris, and Leake, claiming they failed to respond timely to interrogatories per Local Civil Rule 26.01 (D.S.C.) within thirty-five (35) days. (ECF No. 27.)

## II. LEGAL STANDARD

### A. Default Judgment

A default judgment may be entered against a defendant if the defendant fails to answer, reply to, or defend against a plaintiff's complaint or allegations in accordance with the court's Rules. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). To obtain a default judgment under Rule 55 of the Federal Rules of Civil Procedure, a party must adhere to a two-step process. First, a plaintiff must submit a written request, accompanied by an affidavit or declaration, to the clerk of court for an *entry* of the defendant's default. Fed. R. Civ. P. 55(a). Second, in cases where

the relief sought is not a set amount of money, the plaintiff must apply to the court for a default judgment by making a motion. Fed. R. Civ. P. 55(b). If a default is entered against a party, the court will act as though the defaulted party has admitted to the facts *contained in the complaint*. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If a default judgment is entered on a party, the court may rule in favor of the *opposing party* and grant what the *opposing party* wants from the defaulting party. *Id.*; Fed. R. Civ. P. 55.

### B. Local Civil Rule 26.01 Interrogatories

Local Civil Rule 26.01 requires every party in a case to answer a list of preliminary questions from the court within a specified time so the court can properly assign the case. Local Civ. Rule 26.01 (D.S.C.). "If a party fails to file the required responses on time, the clerk of court shall draw the requirement to the attention of the party . . . and allow fourteen (14) days to file responses. The clerk of court shall have the authority to extend the time for responding." *Id.*

### C. Interpleader Actions

When a plaintiff files a claim as an "interpleader," the plaintiff is bringing a single case that joins two or more opposing parties that are all claiming ownership of a single fund. *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). The plaintiff in an interpleader action is not disputing that they are liable to pay the fund amount; rather, instead of deciding which defendant is the rightful owner of the funds, the plaintiff deposits the fund with the clerk of court and *allows the court* to decide which defendant is the rightful owner. *Meyer v. Anderson*, No. 2:19-cv-640-DCN, 2019 WL 2106180, at *2 (D.S.C. May 14, 2019) (citation omitted) ("Interpleaders are used when multiple parties claim [a] stake in a single fund, and the party in control of the fund asks the court to retain control of the fund while the court determines which party is entitled to the fund.")

### III. ANALYSIS

Defendant's "Default Motion Judgement" fails for two reasons. First, the motion must be denied because no entry of default has been entered by the clerk of court. To file a motion for default judgment, the party filing the motion must first enter a written request, supported by affidavit or otherwise, to the clerk of court, and the clerk of court must then enter the default. Fed. R. Civ. P. 55(b). Here, Defendant Cowan seeks a default judgment but did not enter a supported, written request to enter a default before she filed the current "Default Motion Judgement."

Second, default judgment is not an appropriate remedy against a party that fails to answer court interrogatories per Local Civil Rule 26.01. A default judgment may be entered against a defendant if the defendant fails to answer, reply to, or defend against a *plaintiff's* complaint or allegations in accordance with the court's Rules. *Moradi*, 673 F.2d at 727. Here, Defendant Cowan is not claiming that her co-Defendants failed to respond to Plaintiff's original Complaint; instead, Defendant Cowan asks for a default judgment against her co-defendants because they failed to respond to Local Civil Rule 26.01 interrogatories by the deadline laid out in the rule. Local Civil Rule 26.01 requires every party to submit answers to some basic questions so that the court can properly assign the case. Local Civ. Rule 26.01 (D.S.C.). These questions are not part of Plaintiff's Complaint or allegations but are a way for the court to gather basic information about the parties for administrative purposes. Therefore, if a party fails to answer these questions in the timeframe laid out in the rule, a default will not be entered against the party; instead, the clerk of court will notify the parties of their failure to answer and give the party more time to comply. Local Civ. Rule 26.01 (D.S.C.).

## IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Cowan's "Default Motion Judgement" (ECF No. 27).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 22, 2022
Columbia, South Carolina

5