IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wilton Reassurance Life Company of New York, | ) C/A No. 3:21-2379-TMC-PJG<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   **ORDER**<br>) |
| Dawn Monroe-Smith; April Monroe-Harris; Dawn Leake; Marlise Montore Cowan, | )<br>)<br>) |
| Defendants. | )<br>) |

Wilton Reassurance Life Company of New York filed this interpleader action pursuant to 28 U.S.C. § 1335 claiming the named defendants have competing claims to the life insurance proceeds of Helen J. Monroe ("the Decedent"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Dawn Monroe-Smith and Marlise Montore Cowan waived service and filed *pro se* answers to the Complaint. April Monroe-Harris and Dawn Leake also waived service but have not appeared in this case.[1] By order dated November 10, 2021, the court granted Wilton Reassurance Life Company of New York's motion for interpleader deposit, directed the Clerk of Court to accept the deposit of the insurance policy proceeds, and dismissed Wilton Reassurance Life Company of New York as a party to this case.

**In light of Wilton Reassurance Life Company of New York's dismissal, the parties in this case must be realigned.** See U.S. Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 132 (4th Cir. 1995) (providing that parties should be realigned based on their principal purpose); Hidey v. Waste Sys. Int'l, Inc., 59 F. Supp. 2d 543, 545 (D. Md. 1999) (realigning parties because the interpleading plaintiff was a nominal party). According to the Complaint and the *pro se* answers, Marlise Montore Cowan is the named beneficiary of the Decedent's insurance policy due to a change by the Decedent that was executed on March 13, 2021. However, Dawn Monroe-Smith asserted in a letter to Wilton Reassurance Life Company of New York that the change in beneficiary to Marlise Montore Cowan was fraudulent. Dawn Monroe-Smith also asserts that the Decedent executed a change of beneficiary form on March 31, 2021 (the day of the Decedent's death), which made the Decedent's granddaughters, April Monroe-Harris and Dawn Leake, beneficiaries to the policy.

Because Dawn Monroe-Smith asserts that the March 13, 2021 change of beneficiary was fraudulent and that the beneficiary as known to the insurance company at the time of the Decedent's death was changed, **Dawn Monroe-Smith will be the cross-plaintiff** in this action.

---

[1] Accordingly, April Monroe-Harris and Dawn Leake are in default. See Fed. R. Civ. P. 55(a).

**Marlise Montore Cowan will be the cross-defendant**.  Thus, Dawn Monroe-Smith will have the burden of proving her claim that the change of beneficiary known to the insurance company at the time of the Decedent's death was fraudulent and that the proper beneficiary is not Marlise Montore Cowan.

**TO THE PARTIES**:

**Cross-Plaintiff Dawn Monroe-Smith shall file a Cross-Complaint** that states a claim for relief pursuant to Federal Rule of Civil Procedure 8(a), including a demand for relief and short and plain statements of her claim showing that she is entitled to relief and that the court has jurisdiction over her claim.  The Cross-Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  **The Cross-Complaint must be filed within twenty-one (21) days of the date of this order, plus three days for mail time.  Failure to file a Cross-Complaint may subject Dawn Monroe-Smith's cross-claim to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**Cross-Defendant Marlise Montore Cowan will have twenty-one days after she receives the Cross-Complaint to file an answer or responsive motion pursuant to Federal Rules of Civil Procedure 8(b) and 12.**  Any responsive pleading or motions must admit or deny the allegations in the Cross-Complaint and assert any defenses the Cross-Defendant may assert.  **Failure to file an answer or responsive motion may result in Marlise Montore Cowan being held in default pursuant to Federal Rule of Civil Procedure 55.**

If the cross-parties file pleadings as instructed above, the court will issue a scheduling order that provides dates by which the parties will be required to complete discovery and file dispositive motions.

**TO THE CLERK OF COURT**:

The Clerk of Court shall enter default against Defendants April Monroe-Harris and Dawn Leake pursuant to Federal Rule of Civil Procedure 55(a).[2]  The Clerk of Court shall also list Dawn Monroe-Smith as a cross-plaintiff, Marlise Montore Cowan a cross-defendant, and dismiss the cross-parties as defendants.

The Clerk of Court shall mail a copy of this order to the *pro se* parties that have appeared and set the deadlines for filing pleadings and responses as set above.

**IT IS SO ORDERED**.

September 13, 2022
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

---

[2] If Defendant April Monroe-Harris or Defendant Dawn Leake appear in this case and the court orders that default be set aside, the court will order that they be dismissed as defendants and order that they be listed as cross-plaintiffs opposite Cross-Defendant Marlise Montore Cowan.